```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
KELI VANN,                                                     :
                                                               :
                                        Plaintiff,             :      1:23-cv-266-GHW
                                                               :
                        -v -                                   :      ORDER
                                                               :
CAPITAL ONE BANK (USA), et al.,                                :
                                                               :
                                        Defendants.            :
                                                               :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/2023

GREGORY H. WOODS, United States District Judge:

    Plaintiff commenced this action on January 11, 2023. Dkt. No. 1. The complaint does not contain a single allegation concerning why venue is appropriate here. Furthermore, the complaint alleges that "Defendant Capital One Bank (USA), National Association (hereinafter "Capital One"), is a national bank with an office located at 299 Park Avenue, New York, New York 10017." *Id.* ¶ 4. When determining the appropriate venue in a suit against a national bank, courts look at where the national bank was established. *See, e.g., California Pub. Employees' Ret. Sys. v. WorldCom, Inc.,* 368 F.3d 86, 101–02 (2d Cir. 2004) (stating that "the venue provision of the National Bank Act, 12 U.S.C. § 94, provides that actions against a national banking association 'may be had' only in the district where the association is 'established.'")

    Although Capital One Bank has a branch in NYC, its headquarters are located in McLean, Virginia. Accordingly, the Court is inclined to transfer this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a). *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Plaintiff is ORDERED TO SHOW CAUSE no later than January 31, 2023 as to why this action should not be transferred to the Eastern District of Virginia. In the alternative, if Plaintiff is willing to transfer this action to the Eastern District of Virginia, the Court requests that Plaintiff submit a letter stating that it consents to the transfer of this action to the Eastern District of Virginia no later than January 31, 2023.

SO ORDERED.

Dated: January 24, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge